LAQUER, URBAN, CLIFFORD & HODGE LLP
Christopher M. Laquer, State Bar No. 068355
J. Paul Moorhead, State Bar No. 240029
225 South Lake Avenue, Suite 200
Pasadena, California 91101-3030
Telephone: (626) 449-1882
Facsimile: (626) 449-1958
moorhead@luch.com

Counsel for Plaintiffs, Trustees of the Southern California
IBEW-NECA Pension Plan, et al.,

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRUSTEES OF THE SOUTHERN CALIFORNIA IBEW-NECA PENSION PLAN, et al.,<br><br>  Plaintiffs,<br><br>  vs.<br><br>DC ASSOCIATES, INC, a California corporation,<br><br>  Defendant. | CASE NO.:  CV08-04211 R (JTLx)<br><br>**SEPARATE STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, MOTION FOR PARTIAL SUMMARY ADJUDICATION** |

Plaintiffs' motion for summary judgment came on regularly for hearing on April 20, 2009, in the above-referenced Court, the Honorable Manuel L. Real, United States District Judge presiding.  J. Paul Moorhead of Laquer, Urban, Clifford & Hodge LLP appeared as attorney for plaintiffs Trustees of the Southern California IBEW-NECA Pension Plan, et al.  Jamie L. Johnson appeared as attorney for defendant DC Associates, Inc.

The matter having been fully briefed and argued, and there being no material issues of fact to be litigated at trial, the Court makes the following findings of uncontroverted facts and conclusions of law.

///

## UNCONTROVERTED FACTS

| UNCONTROVERTED FACT | SUPPORTING EVIDENCE |
|---|---|
| INTRODUCTORY FACTS<br><br>1.   The Plaintiffs are the trustees of the Southern California IBEW-NECA Pension Plan ("Pension Plan"), Southern California IBEW-NECA Health Trust Fund ("SC Health"), Los Angeles County Electrical and Training Trust Fund ("LA Training"), Southern California IBEW-NECA Labor-Management Cooperation Committee ("SC LMCC"), Riverside County Electrical Education and Training Trust Fund ("Riverside Training"), Inland Empire Labor-Management Cooperation Committee ("Inland LMCC"), National Electric Benefit Fund ("NEBF"), and the Administrative Maintenance Fund ("AMF"). All Plaintiffs are hereinafter referred to collectively as the "Trustees." | Declaration of Kathleen Johnson ("Decl Johnson"), ¶¶ 6, 8. |

| | |
|---|---|
| 2. The Pension Plan, SC Health, LA Training, SC LMCC, Riverside Training, Inland LMCC, and NEBF are each express trusts, created pursuant to trust agreements ("Trust Agreements").  The Pension Plan, SC Health, LA Training, Riverside Training, and NEBF are Labor-Management multiemployer trusts created and maintained pursuant to section 302(c)(5) of the Labor-Management Relations Act ("LMRA") [29 U.S.C. § 186(c)(5)].  The Trustees are "fiduciar[ies]" with respect to these trusts, as defined in section 3(21)(A) of the Employee Retirement Income Security Act of 1974 ("ERISA") [29 U.S.C. § 1002(21)(A)].  The SC LMCC and Inland LMCC are trusts created and maintained pursuant to the LMRA and the Labor-Management Cooperation Act of 1975. | Decl. Johnson, ¶¶ 6-7. |
| 3. The AMF provides industry advancement funds pursuant to collective bargaining agreements entered into between certain local unions of the International Brotherhood of Electrical Workers ("IBEW"), and certain local chapters of the National Electrical Contractors Association ("NECA"). | Decl. Johnson, ¶ 8. |

194273.1

| | THE SOUND AGREEMENT | Declaration of Richard Reed ("Decl. Reed"), ¶ 4, Exs. A, B. Declaration of Robert Frost ("Decl. Frost"), ¶¶ 4, 5. Declaration of James Willson ("Decl. Willson"), ¶¶ 4, 5. |
|---|---|---|
| 4. | The Southern California 9th District Sound & Communications Agreement ("Sound Agreement") is a written and existing collective bargaining agreement in effect between various IBEW local unions, including Local 11, Local 441, Local 40, Local 952, Local 639, Local 413, Local 477, Local 440, Local 428, and Local 569, and various NECA local chapters, employer associations, including the Los Angeles Chapter, Orange County Chapter, Central Coast Chapter, Southern Sierras Chapter, Kern County Chapter, and San Diego Chapter. | |
| 5. | The Sound Agreement is a multi-jurisdictional collective bargaining agreement, meaning that the same agreement covers all work performed in any of the jurisdictions of the signatory unions and employer associations. | Decl. Reed, ¶¶ 5-8. Decl. Frost, ¶¶ 6-8. Decl. Willson, ¶¶ 6-7. |
| 6. | On August 28, 1996, defendant DC Associates, Inc. ("DC Associates") executed a "Letter of Assent," whereby DC Associates agreed to be bound by the Sound Agreement and Local 440/477's Local Addendum to the Sound Agreement. | Decl. Frost, ¶ 7, Ex. A. |
| 7. | By signing the Letter of Assent to the Sound Agreement and to the Local Addendum, DC Associates became bound to the Sound Agreement for all covered work performed within the jurisdiction of any of the IBEW local unions and NECA local chapters signatory to the Sound Agreement. | Decl. Reed, ¶ 10. Decl. Frost, ¶ 9. Decl. Willson, ¶ 7. |

194273.1

4

Separate Statement

| | |
|---|---|
| 8. Pursuant to the Sound Agreement, DC Associates was obligated to report and pay fringe benefit contributions to the Trustees for all hours of work performed by employees of DC Associates' employees covered by the Sound Agreement. | Decl. Reed, Ex. A, § 3:03(d) at p. 11, § 5:01 at p. 15, § 7:01 at p. 16, § 9:13 at p. 18, § 10:01 at p. 19, § 12:03 at p. 20, § 12:07 at p. 21, § 13:01 at p. 21, § 13:05 at p. 22, § 14:01 at p. 23, § 14:02 at p. 23, § 14:04 at p. 23. |
| 9. During the period of September 2003 through April 2008, DC Associates intermittently submitted Sound Unit monthly report forms, and paid the Trustees contributions based on the hours reported. | Declaration of Jose Cuadras ("Decl. Cuadras"), ¶ 4, Ex. A. |
| 10. The work classifications within the scope of the Sound Agreement include Communications and Systems Installer, Communications and Systems Technician, Communications and Systems Foreman, and Journeyman Sound Electrician.  These are also work classifications used by the California Department of Industrial Relations. | Decl. Reed, ¶ 11, Ex. A, § 3:03 (c) at p. 9; Ex. C. Decl. Frost, ¶ 10. |
| 11. Certified Payroll Records ("CPRs") are weekly payroll records that require a contractor to identify the following information for work performed on each public works project: the employer submitting the CPR; the project worked on; the time period the work was performed; the identification of the employees working on the project; the classification of work performed by each employee; the hours worked by each employee; and the hourly rate of pay. | Decl. Cuadras, ¶ 5. |

Separate Statement

194273.1

| | |
|---|---|
| 12.   DC Associates' CPRs confirm its employees performed work covered by the Sound Agreement within the jurisdictions of Local 11, Local 440, and Local 477.  This work was performed on 24 public works projects.  DC Associates classified this work as either Communications and Systems Installer or Communications and Systems Technician. | Decl. Cuadras, ¶ 6, Ex. A. |
| 13.   DC Associates failed to report and pay all contributions owed to the Trustees.  Based on the total hours of covered work performed by employees of DC Associates on the public work projects, and the related wages, DC Associates owes the Trustees fringe benefit contributions totaling $204,181.06. | Decl. Cuadras, ¶¶ 3-9, Ex. D. |
| THE PSA<br>14.   The Los Angeles Unified School District Project Stabilization Agreement – New School Construction and Major Rehabilitation Funded by Proposition BB and/or Measure K, entered into on or about May 12, 2003 (the "PSA"), as well as the predecessor PSA, were entered into by and between the Los Angeles Unified School District ("LAUSD") on one hand, and the Council and various associated craft unions and the other hand. | Declaration of Richard Slawson in support of Motion for Summary Judgment ("Decl Slawson"). ¶¶ 2-3, Exs. A, B. Decl. Reed, ¶ 12. |

| | | |
|---|---|---|
| 1<br>2<br>3<br>4<br>5<br>6<br>7 | 15.   Pursuant to the express terms of the PSA, all contractors and subcontractors who perform work on projects covered by the PSA are required to accept and be bound by the terms and conditions of the PSA and are required to sign a letter of assent or similar document to evidence their acceptance of the PSA and its terms. | Decl. Slawson, ¶ 4, Ex. Ex. A, 2nd ¶ on p. 1, § 2.5(b) at p. 9; Ex. B, § 1.9 at p. 5, §§ 3.1, 3.2, 3.3(b) at pp. 6-7.<br>Decl. Reed, ¶ 14. |
| 8<br>9<br>10<br>11<br>12<br>13 | 16.   Regardless of whether such a contractor or subcontractor signs a letter of assent to the PSA, they are bound to the terms and provisions of the PSA if they perform work on a project covered by the PSA. The signature on the letter of assent is a formality and not a condition precedent to being bound to the PSA. | Decl. Slawson, ¶ 4.<br>Decl. Reed, ¶ 14. |
| 14<br>15<br>16<br>17<br>18 | 17.   According to the PSA, certain collective bargaining agreements of the signatory unions, referred to in the PSA as Schedule A agreements, apply to the work covered by the PSA and are incorporated by reference into the PSA. | Decl. Slawson, ¶ 5, Ex. A, § 2.7 at pp. 10-11; Ex. B, § 2.1 at p. 6, § 3.12 at p. 11.<br>Decl Reed, ¶ 16. |
| 19<br>20<br>21 | 18.   With regard to Local 11, there are only two Schedule A agreements; the Sound Agreement and the Inside Wiremen's Agreement. | Decl. Slawson, ¶ 5.<br>Decl. Reed, ¶ 16. |

22
23
24
25
26
27
28

| | |
|---|---|
| 19. The scope of work covered by the PSA includes all work on LAUSD construction projects classified within a construction craft classification. Communications and Systems Installer, Communications and Systems Technician, and Journeyman Sound Electrician are construction craft classifications used by the California Department of Industrial Relations. | Decl. Reed, ¶ 15, Ex. C. |
| 20. Based on DC Associates' CPRs, the company performed electrical work on two LAUSD construction projects: the Southeast Area New High School and the Belmont New Primary Center #12 (collectively the "LAUSD Construction Projects"). | Decl. Cuadras, ¶ 10. |
| 21. DC Associates classified its work on the LAUSD Construction Projects as either Communications and Systems Installer, or Communications and Systems Technician. | Decl. Cuadras, ¶ 11. |
| 22. The PSA requires contractors to pay contributions to the established employee benefit funds in the amounts designated in the appropriate Schedule A. | Decl. Slawson, Ex. A, § 5.2(a) at p. 19; Ex. B, § 4.11 at p. 16. Decl. Reed, ¶ 18. |
| 23. DC Associates owes the Trustees fringe benefit contributions totaling $52,465.20 for work performed on the LAUSD Construction Projects. | Dec. Cuadras, ¶12, Ex. D. |

| | |
|---|---|
| **ADDITIONAL CONTRACT & ERISA DAMAGES** <br> 24. The Trust Agreements and 29 U.S.C. § 1132(g)(2), require employers to pay interest on the unpaid fringe benefit contributions, liquidated damages related to the unpaid contributions, audit fees, attorney's fees, court costs and all other costs incurred in collecting any delinquent contributions. | Decl. Johnson, Ex. A, Art. III, §§ 3, 6, 7 at pp.7-9; Ex. B, Art. III, § 4 at pp. 8-10, Art. V, ¶ 4(e) at p. 18; Ex. C, Art. III, §§ 3, 5-7 at pp. 8-11; Ex. D, Art. III, §§ 3, 5, 6 at pp. 5-6; Ex. E, Art. II, § 3 at pp. 4-5; Ex. F, Art. III, § 3 at p. 4, Art. V § 3 (e) at p. 7; Ex. G, §§ 6.8, 6.9 at pp. 11-12. |
| 25. DC Associates owes the Trustees prejudgment interest totaling $46,934.43. | Decl. Cuadras, ¶ 13. |
| 26. DC Associates owes the Trustees liquidated damages totaling $46,934.43. | Decl. Cuadras, ¶ 14 |
| 27. DC Associates owes the Trustees their audit costs of $7,211.25. | Decl. Cuadras, ¶. 15 |
| 28. Any finding of an uncontroverted fact which is also a conclusion of law shall be deemed to be a finding of an uncontroverted fact and also a conclusion of law. | |

Based on the foregoing uncontroverted facts, the Court now makes the following

## CONCLUSIONS OF LAW

1. Any conclusion of law which is also a finding of fact shall be deemed to be a conclusion of law and also a finding of an uncontroverted fact.

///

///

///

2. This Court has jurisdiction over this matter pursuant to section 502(e) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA") [29 U.S.C. § 1132(e)] and section 301(a) of the Labor-Management Relations Act of 1947, as amended, [29 U.S.C. § 185(a)].

3. The Sound Agreement is a multi-jurisdictional collective bargaining agreement, meaning that the same agreement covers all work performed in any of the jurisdictions of the unions and employer associations signatory to the Sound Agreement.

4. The declarations of the bargaining parties for the Sound Agreement, including Richard Reed, Robert Frost, and James Willson, are relevant in analyzing and interpreting the Sound Agreement. International Brotherhood of Electrical Workers, Local 387 v. NLRB, 788 F.2d 1412, 1414 (9th Cir. 1986). NLRB v. United Asso. of Journeymen & Apprentices of Plumbing & Pipefitting Industry, 704 F.2d 1164, 1166 (9th Cir. 1983). Carbon Fuel Co. v. UMW, 444 U.S. 212, 220, 100 S. Ct. 410, 415, 62 L. Ed. 2d 394, 401 (U.S. 1979).

5. At all times since August 28, 1996, DC Associates was obligated to the terms and provisions of the Sound Agreement and Trust Agreements.

6. Section 515 of ERISA [29 U.S.C. § 1145] and the Sound Agreement expressly require DC Associates to pay fringe benefit contributions to the Trustees for all hours worked by, and wages paid to, each employee performing work covered by the Sound Agreement.

7. Pursuant to Cal. Lab. Code § 1776, DC Associates was required to submit CPRs to the awarding public agency, along with a written declaration, made under penalty of perjury, stating that the information contained in the CPRs was true and correct.

8. ERISA specifically requires every employer to maintain records sufficient to determine the benefits due or which may become due to its employees. 29 U.S.C. § 1059(a)(1). "[B]oth the language and the legislative history of ERISA clearly require employers to keep records of their employees' hours in order to permit the calculation of

benefits due." Brick Masons Pension Trust v. Industrial Fence & Supply, Inc., 839 F.2d 1333, 1337-1338 (9th Cir. 1988).

9. The Trustees are entitled to rely on DC Associates' CPRs as admissions. Fed. R. Evid. 801(d)(2). Gaspard & Co. v. Government of Guam, 427 F.2d 276 (9th Cir. 1970). Cleveland v. Policy Management Systems Corporation, 526 U.S. 795, 806, 119 S. Ct. 1597, 1603, 143 L. Ed. 2d 966, 977 (1999). Bodett v. Coxcom, Inc., 366 F.3d 736, 748 (9th Cir. 2004).

10. DC Associates breached section 515 of ERISA [29 U.S.C. § 1145] by failing to pay the Trustees fringe benefit contributions as provided by the Sound Agreement.

11. Pursuant to the Sound Agreement and 29 U.S.C. § 1132(g)(2)(A), DC Associates owes the Trustees $204,181.06 in unpaid fringe benefit contributions based on an audit of DC Associates' CPRs.

12. DC Associates was obligated to the terms and provisions of the PSA for all work performed on the LAUSD Construction Projects.

13. Section 515 of ERISA [29 U.S.C. § 1145] and the PSA expressly require DC Associates to pay fringe benefit contributions to the Trustees for all hours worked by, and wages paid to, each employee performing work covered by the PSA on the LAUSD Construction Projects.

14. Pursuant to the PSA and 29 U.S.C. § 1132(g)(2)(A), DC Associates owes the Trustees $52,465.20 in unpaid fringe benefit contributions for work performed by its employees on the LAUSD Construction Projects.

15. Pursuant to 29 U.S.C. § 1132(g)(2)(C) and the Trust Agreements, DC Associates owes the Trustees liquidated damages of $46,934.43.

16. Pursuant to 29 U.S.C. § 1132(g)(2)(E) and the Trust Agreements, DC Associates owes the Trustees its audit fees of $7,211.25.

17. Pursuant to 29 U.S.C. § 1132(g)(2)(D) and the Trust Agreements, DC Associates owes the Trustees its reasonable attorneys' fees and costs incurred in this

1  action, the amounts of which shall be determined by motion and the taxing of costs.

2      18.    There are no triable issues of material fact or law which would require a
3  trial on the merits.  Therefore, summary judgment in favor of the Trustees and against
4  DC Associates is appropriate.  Judgment shall be entered in favor of the Trustees and
5  against DC Associates, Inc., consistent herewith.

Dated: April 20, 2009

                        UNITED STATES DISTRICT JUDGE

Respectfully Submitted,

Dated: March 27, 2009         LAQUER, URBAN, CLIFFORD & HODGE LLP

By:  */ S / - J. Paul Moorhead*
      J. Paul Moorhead, Counsel for Plaintiffs, Trustees
      of the Southern California IBEW-NECA Pension
      Plan, et al.